UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONGHUI LI (A 095-785-349) | No. 1:26-cv-03405-DAD-CKD |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER | |
| Respondents. | |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioner, a native and citizen of China, entered the United States on August 1, 2023 with a visitor visa. ECF No. 7-1 at 1. On July 31, 2025, U.S. Immigration and Customs Enforcement ("ICE") officers apprehended Petitioner and discovered that he had overstayed the visa and has pending charges for a May 30, 2024 arrest for possession of marijuana for sale. Id. at 2. ICE detained Petitioner and initiated removal proceedings against him. Id. at 3-4. Petitioner requested a bond redetermination hearing from an Immigration Judge ("IJ") but later withdrew his request. ECF No. 7-2.

On May 4, 2026 Petitioner filed a pro se petition for writ of habeas corpus and motion for

1

temporary restraining order. ECF No. 1, 2. He seeks immediate release or a bond hearing in which the government bears the burden of proof. ECF No.1 at 8. In the petition he alleges that ICE is detaining him under 8 U.S.C. § 1225 but that the correct authority for his detention is § 1226. Id. at 7. Respondent opposed injunctive relief and moved to dismiss the petition. ECF No. 7. Respondent's motion to dismiss states that Petitioner's detention is "presumably" under § 1226(a) but that he "may also be" subject to mandatory detention under § 1226(c)(1)(A). ECF No. 7 at 2. It also asserts that Petitioner has not exhausted his administrative remedies, as he withdrew a bond request before the IJ. Id. at 4-5. See also ECF No. 7-2. The district court judge assigned to this case, agreeing that Petitioner has not exhausted his administrative remedies, denied the motion for temporary restraining order and referred this matter to the undersigned. ECF No. 8. Petitioner did not file a response to Respondent's motion to dismiss.

## II.     Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

In contrast to 28 U.S.C. § 2254, which requires habeas corpus petitioners in state custody to exhaust administrative remedies, § 2241 does not specifically require petitioners to exhaust direct appeals. Castro-Cortez v. INS, 239 F.3d 1037, 1047 n. 11 (9th Cir. 2001), *abrogated on other grounds by* Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). The exhaustion requirement under § 2241 is therefore prudential rather than jurisdictional. Id. Courts may require exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper

2

record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).

Where the Puga factors weigh in favor of requiring exhaustion, such requirement may be waived. The Ninth Circuit has found it appropriate to waive exhaustion where administrative remedies would be inadequate or pursuit of such would be futile, irreparable injury would result, or the petition poses a substantial constitutional question or issue separate from the administrative remedy itself. Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004).

### III.   Analysis

This court has previously found that the Puga factors strongly weigh in favor of requiring exhaustion when a petitioner requests review of an IJ's bond determination. Fernandez Vasquez v. Cruz, No. 1:26-CV-00476-DAD-EFB, 2026 WL 252055 (E.D. Cal. Jan. 30, 2026), citing Martinez v. Scott, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844 (W.D. Wash. Aug. 27, 2025) (finding that the Board of Immigration Appeals ("BIA") has the appropriate expertise to provide a complete record, relaxation of the requirement to appeal would encourage the deliberate bypass of the administrative scheme, and the BIA has the ability to correct any agency mistakes, eliminating the need for judicial review). In the instant case, Petitioner has not yet requested a bond determination before an IJ. In other words, Petitioner has done less to pursue administrative remedies than those in cases where the court has found such actions to be required. It therefore follows that the Puga factors weigh in favor of requiring Petitioner to first request a bond determination before an IJ.

Additionally, this court has previously found that none of the Laing exceptions apply when petitioners have requested review of an IJ's bond determination. Fernandez, 2026 WL 252055, citing Martinez, 2025 WL 2689844. Petitioner's statement that he is being detained under 8 U.S.C. § 1225, and Respondent's statement that Petitioner "may also be" subject to mandatory detention under § 1226(c)(1)(A), suggest that Petitioner believes his request for bond determination would be futile. Respondent declined to confirm that Petitioner is being detained

3

under § 1226(a). See ECF No. 7 at 1 ("Since Petitioner entered the United States lawfully, his detention is *presumably* under 8 U.S.C. § 1226(a)) (emphasis added). However, they did indicate that Petitioner "can renew his bond hearing request before an IJ and a bond hearing will be scheduled pursuant to 8 U.S.C. § 1226(a)." Id. at 4. Should Respondent assert their suggestion that Petitioner may be subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) for there being a reason to believe that Petitioner could be inadmissible as a drug trafficker under 8 U.S.C. § 1182(a)(2)(C)(i), Petitioner may challenge such determination before an IJ. See Matter of Joseph, 22 I.&N. Dec. 799 (BIA 1999).

As Petitioner has not requested a bond hearing before an IJ, he has not exhausted his administrative remedies.

**IV.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's MOTION TO DISMISS be GRANTED.

2.  Petitioner's PETITION FOR WRIT OF HABEAS CORPUS be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 15, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 Li3405.imm.fnr

4